PUBLIC FIRE INSURANCE CO. v. DETROIT GARAGES, INC.

CONVERSION—CHATTEL MORTGAGE LIEN.

> Garage owner, purchasing automobile at sale on foreclosure of its lien for repairs and storage (1 Comp. Laws 1929, § 4793), was not guilty of conversion by reason of inadvertent recital in its title of transfer to another purchaser that said automobile was not subject to any outstanding lien, although it knew that it was subject to chattel mortgage lien, where it is not claimed that it was secreted, said chattel mortgage lien has not been invalidated or impaired, and purchaser is not complaining that he was deceived or defrauded.

Appeal from Wayne; Campbell (Allan), J. Submitted June 7, 1933. (Docket No. 32, Calendar No. 37,103.) Decided October 2, 1933.

Trover by Public Fire Insurance Company, a New Jersey corporation, chattel mortgage assignee, against Detroit Garages, Incorporated, a Michigan corporation, for conversion of an automobile. Judgment for plaintiff. Defendant appeals. Reversed, and judgment ordered entered for defendant.

*Louis E. Letzer* (*Leonard V. Pylkas,* of counsel), for appellant.

NORTH, J. In this action for conversion of an automobile, plaintiff had judgment, and defendant has appealed. Appellant claims there is no evidence of conversion.

In October, 1930, one Edgar A. Dean gave a chattel mortgage on his Essex sedan to the Regal Finance Company. The mortgage was duly filed and within a week assigned by the mortgagee to the Union Investment Company, which in turn assigned it to plaintiff herein in August, 1931. Prior to the assignment to plaintiff, Dean left his automobile with the defendant for repairs and storage. The machine continued in defendant's possession until April, 1931, at which time proceedings were taken by defendant to foreclose its lien against the car under 1 Comp. Laws 1929, § 4793. At the sale defendant purchased the car. Thereafter, on the 25th of May, 1931, defendant sold the automobile to Raymond H. Berndt. It is this sale of the automobile which plaintiff alleges constituted conversion. This claim of conversion is based upon the fact that the transfer of title from defendant to Berndt recited that the automobile was not subject to a lien. As a matter of fact defendant knew that the automobile was subject to a chattel mortgage, but at no time has it claimed that it was freed from the chattel

mortgage lien by reason of defendant's subsequent lien or the foreclosure thereof. It was stated by counsel for defendant in open court that Berndt knew of the outstanding chattel mortgage at the time he purchased the machine. Whether this is true or not, so far as appears from the record, Berndt is not complaining that he was deceived or defrauded incident to his purchase from defendant. Berndt was an employee of the defendant, and at least during a portion of the time after the sale to him the automobile was kept at defendant's garage and plaintiff had knowledge of this fact. There is no claim that the chattel was secreted, nor has plaintiff's chattel mortgage lien been impaired or invalidated. The record discloses that, since the alleged conversion, plaintiff, evidently asserting its right under its chattel mortgage lien, instituted a replevin suit in which it sought to repossess the automobile. In the replevin proceedings plaintiff was unsuccessful only because it failed to demand possession before instituting suit. So far as appears from this record plaintiff still has a valid chattel mortgage lien. Defendant's recital in the transfer to Berndt that the automobile was not subject to any outstanding lien, which was probably a mere inadvertence, did not constitute conversion; nor is there any other showing in this record which establishes the alleged conversion by defendant.

The judgment entered in the circuit court is reversed, and the case remanded with directions to enter judgment in favor of defendant in accordance herewith. Costs to appellant.

MCDONALD, C. J., and POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred. CLARK, J., took no part in this decision.